UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:26-CV-6-BO

QUARLA NAKIA BLACKWELL,

Plaintiff,

v.

LENOIR CO. BOARD OF
ELECTIONS, and NC STATE BOARD
OF ELECTIONS,

Defendants.

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis*, [DE-2], and for frivolity review of the complaint, [DE-1], pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has demonstrated sufficient evidence of inability to pay the required court costs and the application is allowed, and it is recommended that the claims against the NC State Board of Elections be dismissed and the claims against the Lenoir Co. Board of Elections be allowed to proceed.

## I.      Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*,

566 F.3d 391, 399 (4th Cir. 2009). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.     Discussion

Plaintiff Quarla Blackwell brings this action against the Lenoir County Board of Elections (the "Lenoir County Board") and the North Carolina State Board of Elections (the "State Board"), pursuant to 42 U.S.C. § 1983, alleging Due Process, Equal Protection, and First Amendment violations, as well as state law claims, stemming from her campaign for mayor. Compl. [DE-1-1]. Blackwell alleges she was lawfully registered to vote in November 2024, according to the state's

2

records; on or about September 19, 2025, Attorney Sean Keenan filed a protest against Plaintiff after the statutory 10-day candidate-challenge window had closed; the Lenoir County Board failed to dismiss the untimely protest as required by law, stayed the protest, and publicized it on the front page of its website and on the front door of the office, which created the appearance of wrongdoing during an active campaign and harmed Plaintiff's reputation and candidacy; during early voting, the Lenoir County Board's Director came to Plaintiff's polling place based on false reports and threatened to remove Plaintiff for the lawful act of feeding the community; Plaintiff filed three election protests raising concerns about election integrity, voter-roll accuracy, intimidation, and procedural irregularities that were dismissed without meaningful review, while other candidates' minor concerns were allowed to proceed; the Lenoir County Board permitted Attorney Keenan to influence its actions and caused deviations from mandatory procedures; after Plaintiff filed an appeal, the State Board prematurely certified the mayoral race while Plaintiff's judicial review window remained open, and the State Board declared Plaintiff's motions moot solely because it had certified the election early, thereby cutting off Plaintiff's statutory right to judicial review; Plaintiff was later charged with two felony counts of perjury and swearing falsely, despite being listed as an active voter in the state's own federally mandated database; and Plaintiff was never notified of any issue with her voter status, eligibility, or registration before being criminally charged. Plaintiff contends that Defendants' failure to maintain accurate voter records, combined with their failure to provide notice or process, directly contributed to the criminal charges, constitutes retaliation and selective enforcement, and deprived Plaintiff of due process, equal protection, and rights under state and federal law. Plaintiff claims she suffered emotional distress, fear for her safety, fear of imprisonment, reputational harm, loss of economic opportunity, and long-term damage to her stability and livelihood, and requests declaratory judgment, injunctive

3

relief, correction of the official record, $5,000,000.00 in compensatory damages, punitive damages, and costs and fees under 42 U.S.C. § 1988. *See* Compl. [DE-1-1] at 4–6.

### a. The State Board

Plaintiff's claims against the State Board should be dismissed based on immunity. The Eleventh Amendment limits the authority of the federal courts to hear claims against the States. U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citation omitted). Likewise, "North Carolina has a well-established common law doctrine of sovereign immunity which prevents a claim for relief against the State except where the State has consented or waived its immunity." *DeMurry v. N.C. Dep't of Corr.*, 195 N.C. App. 485, 492, 673 S.E.2d 374, 380 (2009) (citations omitted). This immunity from suit applies not only to claims against the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). However, sovereign immunity may be waived or abrogated where the state has waived its immunity or where Congress has overridden that immunity. *Philips v. N. C. State*, No. 5:15-CV-95-F, 2015 WL 9462095, at *6 (E.D.N.C. Dec. 28, 2015) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). The State Board is an arm of the state and entitled to the state's immunity. *See Walker v. N.C. State Bd. of Elections*, No. 1:17-CV-78, 2017 WL 4477295, at *1 (M.D.N.C. May 15, 2017) ("A suit against the State [Election] Board is [ ] functionally equivalent to a suit against the state of North Carolina and the State Board is entitled

4

to the same sovereign [immunity].").  There is nothing in the complaint's allegations from which the court could find that the state has waived or that Congress has overridden the state's immunity. Accordingly, Plaintiff's claims against the State Board should be dismissed.

### b. The Lenoir County Board

Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  However, § 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted).  Thus, to state a claim under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution and laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

Plaintiff asserts claims for denial of due process and equal protection, first amendment retaliation, and state law claims against the Lenoir County Board.  To state a procedural due process claim, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate."  *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009).  "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."  *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).  To state a claim for First Amendment

5

retaliation, a plaintiff must plausibly allege that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Johnson v. Town of Smithfield*, No. 5:23-CV-349-D, 2024 WL 1336466, at *4 (E.D.N.C. Mar. 28, 2024) (quoting *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)).

Construing the allegations liberally in Plaintiff's favor, the court finds that dismissal of the claims against the Lenoir County Board is not warranted at this time. *See Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) ("[W]hen an action implicates a civil rights interest, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.") (citations and internal quotation marks omitted). Any potential pleading deficiencies or defenses are better evaluated with the benefit of full briefing on a Rule 12 motion. Accordingly, Plaintiff's claims against the Lenoir County Board should be allowed to proceed at this time.

### III.    Conclusion

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* is allowed, and it is recommended that the claims against the NC State Board of Elections be dismissed and the claims against the Lenoir Co. Board of Elections be allowed to proceed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 11, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

6

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

This the 27th day of April, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

7